IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   8:06CR250 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| VERSHAUN LUCKETT, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 53) and the motion for an evidentiary hearing (Filing No. 56) filed by the Defendant, Vershaun Luckett. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

Luckett pleaded guilty to Count I of the Indictment charging him with conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine.  The plea agreement states: "The parties hereby agree that you should be held responsible beyond a reasonable doubt for at least 200 grams but less than 350 grams of methamphetamine, and therefore, pursuant to U.S.S.G. § 2D1.1, the defendant's base offense level is 28." (Filing No. 34, ¶ 9.)  The plea agreement included an appeal waiver and a waiver of Luckett's right to file a motion under § 2255.  However,

a § 2255 waiver could be filed if Luckett alleged ineffective assistance of counsel. Under oath at his change of plea hearing, Luckett stated he understood the following: the length of the sentence would be at the discretion of the undersigned Judge; the sentence that would be imposed might differ from the sentence envisioned by Luckett and his attorney; and no promises were made outside those in the plea agreement. The PSR reflected the base offense level contemplated in the plea agreement and included a 2-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of firearms in relation to the offense. Luckett's sentencing guideline range was 78-97 months, and on March 19, 2007, Luckett was sentenced to 78 months. On November 19, 2009, Luckett filed a motion to "reinstate" the direct appeal[1] that the Eighth Circuit Court of Appeals considered as a petition for an extraordinary writ. On December 17, 2009, the Eighth Circuit denied the petition.

## DISCUSSION

**TIMELINESS**

28 U.S.C. § 2255 provides that a § 2255 motion must be filed within one year of, in relevant part, "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

Luckett's § 2255 motion is untimely, as it was not filed within the one-year time limitation described as the date when his conviction became final. *Id.* Even if Luckett's §

---

[1]According to Luckett, he asked the Eighth Circuit to set aside his appeal waiver in his plea agreement because his counsel was ineffective for not filing a notice of appeal as requested. Luckett's desired substantive issue on appeal regards the § 2D1.1(b)(1) enhancement that he argues was not contemplated in his plea agreement.

2255 motion would be considered timely because it was filed within one year of the Eighth Circuit's denial of his petition for a writ, his motion lacks merit as discussed below.

**MERITS**

In order to establish ineffective assistance of counsel, Luckett must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires Luckett to demonstrate that his counsel's seriously deficient performance prejudiced his defense. *Id.* at 687.

Luckett claims that his attorney did not file a notice of appeal as instructed. Luckett's sole issue on appeal would have been to argue that the § 2D1.1(b)(1) enhancement for possessing firearms in connection with the offense resulted in a 78-month sentence, in excess of the "plea agreement for a 60 month sentence." (Filing No. 53, at 4.) The plea agreement was not for a specific sentence and was not negotiated under Federal Rule of Criminal Procedure 11(c)(1)(C). Rather, the plea agreement set out the drug quantity and base offense level agreed to by the parties. No other guideline issues were contemplated by the parties in the plea agreement. The plea agreement clearly set out Luckett's waivers of his right to file a direct appeal or a § 2255 motion.[2] Luckett's sworn answers in his petition to enter a plea of guilty and while under oath at his

---

[2]Luckett retained the right to file a § 2255 motion in order to argue ineffective assistance of counsel.

3

change of plea hearing are consistent with the plea agreement.  Luckett has not shown either prong of the *Strickland* test.

## CONCLUSION

The § 2255 motion is untimely.  Moreover, even if the motion were timely, it plainly appears from the § 2255 motion and the record that Luckett is not entitled to relief.  Therefore, the motion must be summarily dismissed.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 53);

2. Upon initial review, the Court summarily dismisses the Defendant's claim raised in the § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion;

4. The Defendant's motion for an evidentiary hearing (Filing No. 56) is denied; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 25th day of June, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge